## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | |
|---|---|
| AMGUARD INSURANCE COMPANY<br>16 S. River Street<br>Wilkes-Barre, PA 18703-0020<br><br>   Plaintiff,<br><br>   v.<br><br>SG PATEL AND SONS II, LLC<br>c/o Amitkumar Patel, Registered Agent<br>202 Heddon Drive<br>Lexington, SC 29072<br><br>   and<br><br>STEVEN RENEW and STEPHANIE RENEW, Individually, as Parents of Matthew Renew, and as Personal Representatives of the Estate of Matthew Renew<br>12553 S.C. Highway 3<br>Barnwell, SC 29812<br><br>   and<br><br>LUKE PICKERING<br>44 Opal Road<br>Olar, SC 29843<br><br>   and<br><br>BRITTIN RAY<br>3661 Galilee Road<br>Barnwell, SC 29812<br><br>   and<br><br>MICHAEL A. EDWARDS<br>232 Morning Star Loop<br>Barnwell, SC 29812<br><br>   and | **CIVIL ACTION NO:** 5:19-00635-JMC<br><br>**JUDGE:**<br><br>**COMPLAINT FOR INTERPLEADER, IN THE NATURE OF INTERPLEADER, AND FOR DECLARATORY JUDGMENT** |

799664            1

| | |
|---|---|
| BRIAN GIBSON<br>144 N. Clemson Dr.<br>Barnwell, SC 29812<br><br>and<br><br>John Does # 1-50<br>Address Unknown<br><br>and<br><br>John Does, Inc. #1-50<br>Address Unknown<br><br>and<br><br>John Does, LLC # 1-50<br>Address Unknown<br><br>        Defendants. | |

Plaintiff AmGUARD Insurance Company ("AmGUARD") states for its Complaint for Interpleader, in the Nature of Interpleader, and for Declaratory Judgment against Defendants SG Patel & Sons II LLC, Steven Renew, Stephanie Renew, Luke Pickering, Brittin Ray, Michael A. Edwards, Brian Gibson, John Does #1-50, John Does, Inc. #1-50, and John Does LLC #1-50:

## I.     PARTIES, JURISDICTION, AND VENUE

1.     AmGUARD is a corporation organized pursuant to the laws of the Commonwealth of Pennsylvania, which has its principal place of business in the Commonwealth of Pennsylvania, and is engaged in the business of insurance within the State of South Carolina.

2.     SG Patel and Sons II, LLC ("Patel") is a limited liability company organized under the laws of the State of South Carolina, which has its principal place of business in the State of South Carolina, is engaged in business within the State of South Carolina, and whose members are citizens of a State other than the Commonwealth of Pennsylvania.

3. Steven Renew and Stephanie Renew, Individually, as Parents of Matthew Renew, and as Personal Representatives of the Estate of Matthew Renew (collectively "Renew") are citizens and residents of the State of South Carolina.

4. Luke Pickering ("Pickering") is a citizen and resident of the State of South Carolina.

5. Brittin Ray ("Ray") is a citizen and resident of the State of South Carolina.

6. Michael A. Edwards ("Edwards") is a citizen and resident of the State of South Carolina.

7. Brian Gibson ("Gibson") is a citizen and resident of the State of South Carolina.

8. John Does #1-50, John Does, Inc. #1-50 and John Does LLC #1-50 are citizens of, residents of, incorporated under the law of, and/or have their principal place of business in a State other than the Commonwealth of Pennsylvania, and whose identity is not presently known after reasonable inquiry and due diligence.

9. The matter in controversy involves parties among whom complete diversity of citizenship exists and exceeds the sum or value of $75,000.00, exclusive of interest and costs.

10. The matter in controversy involves a declaration of rights, duties, and obligations under an insurance policy pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.

11. The Court is vested with jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335.

12. The Court is vested with jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 1332 and 2201.

13. Venue lies with the Court pursuant to 28 U.S.C. §§ 1397 and 1391.

## II.     FACTS

14.     AmGUARD issued Policy No. SGBP998472 to Patel; having a Policy Period from May 17, 2018 to May 17, 2019 ("Policy").

15.     The Policy has Liability Limits of $1,000,000 for each Occurrence and $2,000,000 in the General Aggregate; and Liquor Liability Limits of $500,000 for each Common Cause and $1,000,000 in the Aggregate.

16.     An authentic duplicate of the Policy is attached as Exhibit 1.

17.     On July 14, 2018, a motor vehicle accident ("Accident") occurred that resulted in the death of Matthew Renew and injury to Defendants Pickering, Ray, Edwards, and Gibson.

18.     Defendants Renew, Pickering, Ray, Edwards, and Gibson have made claim upon Patel and submitted a *Tyger River* demand in connection with the Accident, all as is more fully set forth in a February 14, 2019 letter from J. Martin Harvey, Esq. to Temus C. Miles, Jr., Esq., which provides in part:

> **At this time, we are making the following time-sensitive Tyger River settlement demand:**
> **Agree in writing no later than 5:30 p.m. (EST) on February 21, 2019, to tender the General Aggregate Limits of Insurance in the amount of Two-Million and NO/100 ($2,000,000.00) Dollars on SG Patel & Sons II, LLC's General Commercial Insurance Policy (Policy No. SGBP998472) as well as the Liquor Liability Aggregate Limits of One-Million and NO/100 ($1,000,000.00) Dollars of SG Patel & Sons II, LLC's policy, for a total of Three-Million and NO/100 ($3,000,000.00) Dollars, to be payable to Plaintiffs individually in a proportionate amount to be provided at a later date.**
>
> **Further, on written agreement to tender the above-mentioned limits of insurance, agree that said proportionate payments to Plaintiffs will be made via check to be delivered to each Plaintiff's respective counsel within thirty (30) days from the date Plaintiffs counsels provided check instructions.**

> Where applicable, the checks will be held by counsel, pending any required court approval. In exchange for acceptance of and compliance with the policy limits settlement demand, each plaintiff will execute a Covenant Not To Execute in favor of the insureds. Each of the undersigned firms and attorneys will protect any valid, enforceable and properly secured liens, including Medicaid, as may be required by state and/or ethical laws for the State of South Carolina with regards to their respective clients.
>
> Mr. and Mrs. Renew, in particular, have instructed me that I am to file suit to seek justice for their son, Matthew. Should you fail to comply with the terms of the Tyger River demand set forth herein by the stated deadline, **all offers of settlement will be immediately and irrevocably withdrawn, and we will file suit against the insureds seeking a verdict in excess of the available policy limits; seeking to levy and execute on the personal assets of the insured. Please see *Tyger River Pine Co. v. Maryland Casualty Co.*, 170 S.E. 346 (S.C. 1933).**

19. An authentic duplicate of the *Tyger River* demand is attached as Exhibit 2.

20. AmGUARD maintains that Defendants' claims, demands, and/or interests in connection with the Accident are limited to the $500,000 Common Cause Liquor Liability Limits of the Policy.

21. Each of the parties, in their various capacities, may have an interest in and/or may be entitled to receive some or all of the sums that are being interplead or the bond that is being posted in this matter.

### III.    COUNT I - INTERPLEADER

22. AmGUARD restates the allegations set forth in Paragraphs 1-21 of its Complaint.

23. By reason of the said claims, demands, and/or interests, AmGUARD is entitled to interplead the $500,000 Common Cause Liquor Liability Limits, and to post bond for the sum of Two Million Five Hundred Thousand Dollars ($2,500,000.00), which totals the sum of Three Million Dollars ($3,000,000.00), which is the maximum sum sought by Defendants in connection with the Accident, pending future order or judgment of the Court with respect to the subject matter

of the controversies herein, and to thereupon be discharged from any and all liability in connection with such controversies.

## IV.     COUNT II – IN THE NATURE OF INTERPLEADER

24.     AmGUARD restates the allegations set forth in Paragraphs 1-23 of its Complaint.

25.     AmGUARD is entitled to a determination of its rights in the nature of interpleader as to the issues, controversies, sums, and bond that are the subject of this interpleader action by way of future order or judgment of the Court with respect to the subject matter of the controversies herein.

## V.     COUNT III – DECLARATORY JUDGMENT

26.     AmGUARD restates the allegations set forth in Paragraphs 1-25 of its Complaint.

27.     Actual justiciable controversies have arisen and exist between and among the parties to these proceedings within the meaning of 28 U.S.C. §§ 2201 and 2202.

28.     AmGUARD is entitled to a declaration of the rights, duties, and obligations of the parties as to the issues, controversies, sums, and bond that are the subject of this Complaint for Interpleader and in the Nature of Interpleader.

WHEREFORE, AmGUARD respectfully demands the following relief:

1. The Court issue process for all Defendants pursuant to 28 U.S.C. § 2361;

2. The Court issue its Order pursuant to 28 U.S.C. § 2361 restraining the Defendants from instituting or prosecuting any proceeding in any State or United States court affecting the Policy's proceeds, obligations and/or issues involved in this interpleader action until further order of the Court;

3. The Court issue its Order providing for the orderly contest of the issues and controversies presented herein;

4. The Court issue its Order that AmGUARD deposit Five Hundred Thousand Dollars ($500,000.000) with the registry of the Court, and post bond pursuant to 28 U.S.C. § 1335 for the sum of Two Million Five Hundred Thousand Dollars ($2,500,000.00), which totals Three Million Dollars ($3,000,000.00), which is the maximum sum sought by Defendants in connection with the Accident;

5. The Court determine the interests, claims, and/or demands of the Parties as to the sums, bond, issues, and/or controversies presented by this Complaint for Interpleader, in the Nature of Interpleader, and for Declaratory Judgment;

6. The Court release and discharge AmGUARD from any and all liability to the Defendants pursuant to 28 U.S.C. § 1335;

7. The Court declare the rights and legal relations of the Parties to the these proceedings;

8. Costs;

9. Reasonable attorney fees.

10. Such further relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Steven G. Janik*
STEVEN G. JANIK (11301)
CRYSTAL L. MALUCHNIK (12573)
JANIK L.L.P.
1000 William Hilton Parkway, Suite 103
Hilton Head Island, SC 29928
[Mail:  P.O. Box 470550, Cleveland, Ohio  44147]
(440) 838-7600 * (440) 740-3061 (Fax)
Steven.Janik@Janiklaw.com
Crystal.Maluchnik@Janiklaw.com

*Attorneys for Plaintiff AmGUARD Insurance Company*

799664                              8