IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| AmGuard Insurance Company, | ) | |
| | ) | Civil Action No. 5:19-cv-00635-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| SG Patel and Sons II, LLC, Steven Renew | ) | |
| and Stephanie Renew, Luke Pickering, | ) | |
| Brittin Ray, Michael A. Edwards, Brian | ) | |
| Gibson, John Does #1–50, John Does, Inc. | ) | |
| #1–50, and John Does, LLC #1–50, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff AmGuard Insurance Company filed the instant action against Defendants SG Patel and Sons II, LLC ("Patel"), Steven Renew and Stephanie Renew, Luke Pickering, Brittin Ray, Michael A. Edwards, Brian Gibson, John Does #1–50, John Does, Inc. #1–50, and John Does, LLC #1–50 "for Interpleader, in the Nature of Interpleader, and for Declaratory Judgment." (ECF No. 1 at 2.)

This matter is before the court on Defendants' Motion to Dismiss (ECF No. 53) pursuant to Rules[1] 12(b)(1) and 12(h)[2] of the Federal Rules of Civil Procedure. Plaintiff opposes Defendants' Motion to Dismiss asserting that its case is ripe and that it cannot lose "its rights under 28 U.S.C. § 1335 simply by [Defendants] withdrawing a non-operative *Tyger River* demand." (ECF No. 59 at 1, 3.) For the reasons set forth below, the court **GRANTS** Defendants' Motion to Dismiss (ECF No. 53) pursuant to Rule 12(b)(1) and **DISMISSES** Plaintiff's

---

[1] The court observes that from this point forward, "Rule" refers to the Federal Rules of Civil Procedure.
[2] Defendants' Motion to Dismiss is based in part on Rule 12(h). However, none of the parties discuss the applicability of Rule 12(h) to this case in either the Motion to Dismiss or the Response.

1

Complaint (ECF No. 1) without prejudice.

## I. RELEVANT BACKGROUND TO PENDING MOTION

AmGuard is engaged "in the business of insurance" and is incorporated and has its principal place of business in the Commonwealth of Pennsylvania. (ECF No. 1.) AmGuard alleges that it issued Policy No. SGBP998472 (the "Policy") to Patel for the policy period of May 17, 2018 to May 17, 2019. (*Id.* at 4 ¶ 14.) "The Policy has Liability Limits of $1,000,000 for each Occurrence and $2,000,000 in the General Aggregate; and Liquor Liability Limits of $500,000 for each Common Cause and $1,000,000 in the Aggregate." (*Id.* ¶ 15 (referencing ECF No. 1-1).) AmGuard further alleges that "[o]n July 14, 2018, a motor vehicle accident ("Accident") occurred that resulted in the death of Matthew Renew and injury to Defendants Pickering, Ray, Edwards, and Gibson." (*Id.* ¶ 17.) All Defendants are citizens of the State of South Carolina or are organized under the laws of South Carolina and have their principal place of business in South Carolina. (ECF No. 1 at 1–2). Thereafter, on February 14, 2019, AmGuard received the following "*Tyger River*" demand from counsel for the Renews, Pickering, Ray, Edwards, and Gibson:

> At this time, we are making the following time-sensitive *Tyger River* settlement demand:
>
> Agree in writing no later than 5:30 p.m. (EST) on February 21, 2019, to tender the General Aggregate Limits of Insurance in the amount of Two-Million and NO/100 ($2,000,000.00) Dollars on SG Patel & Sons II, LLC's General Commercial Insurance Policy (Policy No. SGBP998472) as well as the Liquor Liability Aggregate Limits of One-Million and NO/100 ($1,000,000.00) Dollars of SG Patel & Sons II, LLC's policy, for a total of Three-Million and NO/100 ($3,000,000.00) Dollars, to be payable to Plaintiffs individually in a proportionate amount to be provided at a later date.
>
> Further, on written agreement to tender the above-mentioned limits of insurance, agree that said proportionate payments to Plaintiffs will be made via check to be delivered to each Plaintiff's respective counsel within thirty (30) days from the date Plaintiffs' counsels provided check instructions.

(ECF No. 1-2 at 7–8.)

On March 5, 2019, AmGuard filed this action asserting that it "is entitled to interplead the $500,000 Common Cause Liquor Liability Limits, and to post bond for the sum of Two Million Five Hundred Thousand Dollars ($2,500,000.00), which totals the sum of Three Million Dollars ($3,000,000.00), which is the maximum sum sought by Defendants in connection with the Accident, pending future order or judgment of the Court with respect to the subject matter of the controversies herein, and to thereupon be discharged from any and all liability in connection with such controversies." (ECF No. 1 at 5–6 ¶ 23.) AmGuard then filed a Motion for Order to Deposit and to Post Bond (ECF No. 10) and a Motion for Permanent Injunction (ECF No. 11). AmGuard asserted that a "permanent injunction is therefore appropriate and necessary to prevent the Defendants from immediately filing any suit that will affect the Policy, the sums interplead with the Court or that are subject to bond, or the issues affecting the rights, duties and obligations of the Parties as to the sums, issues and controversies presented []." (ECF No. 11-1 at 4 (citation omitted).)

On October 15, 2019, counsel for the Renews, Pickering, Ray, Edwards, and Brian Gibson sent counsel for Patel correspondence to "withdraw our time sensitive demand letter of February 14, 2019." (ECF No. 53-2.) Subsequently, Defendants filed the instant Motion to Dismiss "in light of the withdrawal of the time-sensitive *Tyger River* settlement demand that forms the basis of Plaintiff's Complaint." (ECF No. 53 at 1.) AmGuard filed a Response in Opposition (ECF No. 59) and a Motion for Summary Judgment (ECF No. 60).

The court held a motions hearing on February 4, 2020, to discuss the pending motions. (ECF No. 59.)

## II. LEGAL STANDARD

Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "cases" and "controversies." U.S. Const. art. III, § 2. "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Fed. R. Civ. P. 12(b)(1). In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citation omitted). The plaintiff bears the burden of proof on questions of subject matter jurisdiction. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

## III. ANALYSIS

The interpleader statute provides the court with subject matter jurisdiction where the amount in controversy or stake is at least $500 and there are "[t]wo or more adverse claimants, of diverse citizenship." 28 U.S.C. § 1335(a) (2012). "This provision has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be cocitizens." *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530 (1967). "[T]he court looks only to the citizenship of the claimants, and not the citizenship of the stakeholder." 4 JAMES WM. MOORE ET AL., MOORE'S

FEDERAL PRACTICE § 22.04 (3d ed. 2019). If a party asserts an action under statutory interpleader but fails to demonstrate minimal diversity, a court may dismiss the action because minimal diversity is a jurisdictional requirement. *See* 28 U.S.C. § 1335(a); FED. R. CIV. P. 12(b).

Minimal diversity has not been met in this case. All Defendants and potentially adverse claimants are either citizens of South Carolina or are organized under the laws of and have their principal place of business in South Carolina. (*See* ECF No. 1 at 1–2.) The fact AmGuard is organized under the laws of and has its principal place of business in Pennsylvania is of no consequence because the minimal diversity analysis does not take into account the stakeholder's citizenship.[3] AmGuard asserted the interpleader action solely under 28 U.S.C. § 1335.[4] (ECF No. 1 at 3.) Because minimal diversity requires diverse citizenship between at least two adverse claimants and all potentially adverse claimants are citizens of South Carolina, the court does not have subject matter jurisdiction under 28 U.S.C. § 1335.

## IV. CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** Defendants' Motion to Dismiss (ECF No. 53) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and

---

[3] If the stakeholder demonstrates that it is an interested stakeholder, the stakeholder's citizenship may be used to satisfy minimal diversity. JAMES WM. MOORE ET AL., 4 MOORE'S FEDERAL PRACTICE § 22.04 (3d ed. 2019). However, AmGuard has not asserted that it has an interest in the stake.

[4] In the motions hearing, AmGuard asserted it had minimal diversity and that it was basing jurisdiction solely under 28 U.S.C. § 1335 rather than Rule 22 interpleader, which requires complete diversity. FED. R. CIV. P. 22. Where a complaint sufficiently alleges the elements of Rule 22 interpleader, a court may *sua sponte* convert the action from statutory interpleader to Rule interpleader. *See Truck-A-Tune v. Re*, 23 F.3d 60, 62 (2d Cir. 1994); 2 MOORE'S MANUAL: FEDERAL PRACTICE AND PROCEDURE § 14.73 (2019) ("A court may assert jurisdiction under either type of interpleader, even if the complaint asserts the wrong one, provided that the complaint can be construed to confer jurisdiction under one or the other."). However, because AmGuard expressly declined application of Rule 22 interpleader, the court does not do so here.

**DISMISSES** Plaintiff's Complaint (ECF No. 1) without prejudice.[5] Because it lacks subject matter jurisdiction, the court finds that Defendants' Motion to Dismiss (ECF No. 53) pursuant to Rule 12(h), and Plaintiff's Motion for Order of Deposit and to Post Bond (ECF No. 10), Motion for Permanent Injunction (ECF No. 11), and Motion for Summary Judgment (ECF No. 60) are **MOOT**.

**IT IS SO ORDERED.**

United States District Judge

February 28, 2020
Columbia, South Carolina

---

[5] Generally, when a court grants a party's Rule 12(b)(1) motion to dismiss, the decision does not constitute a judgment on the merits, and is therefore without claim preclusive or res judicata effect. *Farquhur v. United States*, C/A No. 1:07cv1033, 2007 WL 4233492, at *2 (E.D. Va. Nov. 28, 2007) (citing *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)).