# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| AmGUARD Insurance Company,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>SG Patel and Sons II, LLC, Steven Renew  )<br>and Stephanie Renew, Luke Pickering,  )<br>Brittin Ray, Michael A. Edwards, Brian  )<br>Gibson, John Does #1–50, John Does, Inc.  )<br>#1–50, and John Does, LLC #1–50,  )<br>  )<br>Defendants.  )<br>_____)  | Civil Action No.: 5:19-cv-00635-JMC<br><br>**ORDER AND OPINION** |

Plaintiff AmGUARD Insurance Company filed the instant action against Defendants SG Patel and Sons II, LLC (the "Patels"), Steven Renew and Stephanie Renew, Luke Pickering, Brittin Ray, Michael A. Edwards, Brian Gibson, John Does #1–50, John Does, Inc. #1–50, and John Does, LLC #1–50 "for Interpleader, in the Nature of Interpleader, and for Declaratory Judgment." (ECF No. 1 at 2.)

This matter is before the court on AmGUARD's Motion to Stay and for an Injunction Pending Appeal (ECF No. 75) pursuant to Rule 62 of the Federal Rules of Civil Procedure and Local Civil Rule 62.02 (D.S.C.). Specifically, AmGUARD seeks (1) "a stay of [the court']s Judgment and Opinion and Order entered in this action on February 28, 2020 [(the "February Order")] and all attendant proceedings pending AmGUARD's appeal to the United States Court of Appeals for the Fourth Circuit" and (2) "an injunction during the pendency of the appeal prohibiting the Defendants from filing any suit or proceeding in any State or Federal Court affecting the sums sought to be interplead and/or the issues presented herein in order to preserve the status quo while the appeal is under consideration." (*Id.* at 1.) Defendants Renew, Pickering,

1

Ray, Edwards, and Gibson (herein collectively "Defendants") oppose AmGUARD's Motion in its entirety. (*See* ECF No. 78.) For the reasons set forth below, the court **DENIES WITHOUT PREJUDICE** AmGUARD's Motion to Stay with leave to refile.

## I.    RELEVANT BACKGROUND TO PENDING MOTION

AmGUARD is engaged "in the business of insurance" and is incorporated and has its principal place of business in the Commonwealth of Pennsylvania. (ECF No. 1 at 2 ¶ 1.) AmGUARD alleges that it issued Policy No. SGBP998472 (the "Policy") to the Patels for the policy period of May 17, 2018 to May 17, 2019. (*Id.* at 4 ¶ 14.) "The Policy has Liability Limits of $1,000,000 for each Occurrence and $2,000,000 in the General Aggregate; and Liquor Liability Limits of $500,000 for each Common Cause and $1,000,000 in the Aggregate." (*Id.* ¶ 15 (referencing ECF No. 1-1).) AmGUARD alleges that "[o]n July 14, 2018, a motor vehicle accident ("Accident") occurred that resulted in the death of Matthew Renew and injury to Defendants Pickering, Ray, Edwards, and Gibson." (*Id.* ¶ 17.) AmGUARD further alleges that all Defendants are citizens of the State of South Carolina or are organized under the laws of South Carolina and have their principal place of business in South Carolina. (ECF No. 1 at 3 ¶¶ 3–7.)

On February 14, 2019, AmGUARD received the following "*Tyger River*" demand from counsel for Defendants:

> At this time, we are making the following time-sensitive *Tyger River* settlement demand:
>
> Agree in writing no later than 5:30 p.m. (EST) on February 21, 2019, to tender the General Aggregate Limits of Insurance in the amount of Two-Million and NO/100 ($2,000,000.00) Dollars on SG Patel & Sons II, LLC's General Commercial Insurance Policy (Policy No. SGBP998472) as well as the Liquor Liability Aggregate Limits of One-Million and NO/100 ($1,000,000.00) Dollars of SG Patel & Sons II, LLC's policy, for a total of Three-Million and NO/100 ($3,000,000.00) Dollars, to be payable to Plaintiffs individually in a proportionate amount to be provided at a later date.

> Further, on written agreement to tender the above-mentioned limits of insurance, agree that said proportionate payments to Plaintiffs will be made via check to be delivered to each Plaintiff's respective counsel within thirty (30) days from the date Plaintiffs' counsels provided check instructions.

(ECF No. 1-2 at 7–8.)

On March 5, 2019, AmGUARD filed this action asserting that it "is entitled to interplead the $500,000 Common Cause Liquor Liability Limits, and to post bond for the sum of Two Million Five Hundred Thousand Dollars ($2,500,000.00), which totals the sum of Three Million Dollars ($3,000,000.00), which is the maximum sum sought by Defendants in connection with the Accident, pending future order or judgment of the Court with respect to the subject matter of the controversies herein, and to thereupon be discharged from any and all liability in connection with such controversies." (ECF No. 1 at 5–6 ¶ 23.) AmGUARD then filed a Motion for Order to Deposit and to Post Bond (ECF No. 10) and a Motion for Permanent Injunction (ECF No. 11). AmGUARD asserted that a "permanent injunction is therefore appropriate and necessary to prevent the Defendants from immediately filing any suit that will affect the Policy, the sums interplead with the Court or that are subject to bond, or the issues affecting the rights, duties and obligations of the Parties as to the sums, issues and controversies presented []." (ECF No. 11-1 at 4 (citation omitted).)

On October 15, 2019, counsel for Defendants sent counsel for the Patels correspondence to "withdraw our time sensitive demand letter of February 14, 2019." (ECF No. 53-2.) Subsequently, Defendants filed a Motion to Dismiss "in light of the withdrawal of the time-sensitive *Tyger River* settlement demand that forms the basis of Plaintiff's Complaint." (ECF No. 53 at 1.) AmGUARD filed a Response in Opposition (ECF No. 59) and a Motion for Summary Judgment (ECF No. 60). After conducting a motions hearing on February 4, 2020 (*see* ECF No. 69), the court entered the February Order, which *inter alia* granted Defendants' Motion to Dismiss

pursuant to Rule 12(b)(1); dismissed the Complaint without prejudice; and denied as moot AmGUARD's Motion for Summary Judgment (ECF No. 60), Motion for Order of Deposit and to Post Bond (ECF No. 10), and Motion for Permanent Injunction (ECF No. 11). (*See* ECF No. 72 at 5–6.)

Thereafter, on February 29, 2020, AmGUARD filed a Notice of Appeal (ECF No. 74) regarding the February Order and the instant Motion to Stay on March 1, 2020. (ECF No. 75.)

## II.     ANALYSIS

In its Motion, AmGUARD asserts that a stay is appropriate under either Rule 62(b)[1] or 62(d).[2] (ECF No. 75-1 at 3.)

The court observes that "[i]t has always been held, . . . that, as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Scripps-Howard Radia v. F.C.C.*, 316 U.S. 4, 9–10 (1942) (citations omitted). Moreover, "[w]here a party has posted a bond acceptable to the court, the party

---

[1] The court observes that Rule 62 was reorganized in 2018. Amended Rule 62(b) of the Federal Rules of Civil Procedure provides that:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b).

[2] Rule 62(d) provides in relevant part:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Fed. R. Civ. P. 62(d).

is entitled to a stay 'as a matter of right' under Rule 62."[3] *Jordan v. Wonderful Citrus Packing LLC*, Case No. 1:18-cv-00401-AWI-SAB, 2020 WL 7360585, at *1 (E.D. Cal. Dec. 15, 2020) (quoting *Matter of Combined Metals Reduction, Inc.*, 557 F.2d 179, 193 (9th Cir. 1977)).

Upon its review, the court observes that in its filings, AmGUARD did not address its willingness to post a bond as it relates to the instant Motion to Stay. If it is willing to do so, AmGUARD would essentially be entitled to a stay as a matter of right pursuant to Rule 62(b). *See, e.g.*, *United States v. O'shea*, C/A No. 5:12-cv-04075, 2015 WL 1822848, at *1 (S.D. W.Va. April 21, 2015) ("The Court finds that the Defendants are not entitled to a stay as a matter of right pursuant to Rule 62(d),[4] as they have not posted a supersedeas bond."). However, because AmGUARD has not provided any argument regarding the bond requirement of Rule 62's stay provisions,[5] the court **DENIES WITHOUT PREJUDICE** AmGUARD's Motion to Stay and for Injunction Pending Appeal (ECF No. 75) with leave to refile.[6]

---

[3] The court also notes that Local Civil Rule 62.01 (D.S.C.) provides that "[t]he appellant shall not be entitled to a stay of execution of the judgment pending appeal unless the appellant executes a bond with good and sufficient sureties . . . ." *Id.*

[4] In the 2018 reorganization of Rule 62, the provision regarding stays obtained with bonds was moved from subdivision (d) to subdivision (b). *See* Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment; 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2905 (3d ed. 1998) (addressing 2018 amendments to Rule 62).

[5] In denying AmGUARD's Motion, the court observes that it is aware that district courts within the Fourth Circuit generally hold that they retain discretion to grant a stay with a reduced bond or without a bond, if appropriate. *See, e.g.*, *Daugherty v. Ocwen Loan Servicing, LLC*, 220 F. Supp. 3d 728, 730 (S.D. W.Va. 2016) (citation omitted). However, the factors that the court is required to consider are discussed in the parties' filings and demonstrate that Defendants' opposition is not cursory. *See id.* ("The factors generally considered with respect to a stay pending appeal are: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). *Compare* ECF No. 75-1 at 3–8, *with* ECF No. 78 at 2–4.

[6] Additionally, the court notes that its Local Civil Rule 62.01 (D.S.C.) sets for instructions on how to calculate the amount of an appropriate bond. *Id.* at ¶¶ (A)–(C).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 2, 2021
Columbia, South Carolina