IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| AmGuard Insurance Company, | Civil Action No.: 5:19-cv-00635-JMC |
| Plaintiff, | |
| v. | |
| SG Patel and Sons II, LLC, Steven Renew and Stephanie Renew, Individually, as Parents of Matthew Renew, and as Personal Representatives of the Estate of Matthew Renew, Luke Pickering, Brittin Ray, Michael A. Edwards, Brian Gibson, John Does #1–50, John Does, Inc. #1–50, and John Does, LLC #1–50, | **ORDER** |
| Defendants. | |

Plaintiff AmGuard Insurance Company filed a Complaint for Interpleader, in the Nature of Interpleader, and for Declaratory Judgment against Defendants SG Patel & Sons II LLC, Steven Renew, Stephanie Renew, Luke Pickering, Brittin Ray, Michael A. Edwards, Brian Gibson, John Does #1–50, John Does, Inc. #1–50, and John Does, LLC #1–50 (collectively "Defendants") to determine the rightful beneficiary or beneficiaries to proceeds of insurance Policy No. SGBP998472 as the result of a July 14, 2018 motor vehicle accident "that resulted in the death of Matthew Renew and injury to Defendants Pickering, Ray, Edwards, and Gibson." (ECF No. 1 at 4 ¶ 14–6 ¶ 28.) Thereafter, AmGuard moved the court for orders "authorizing the deposit of Five Hundred Thousand Dollars ($500,000.00) into the registry of the [c]ourt and the posting of bond in the amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00)" and setting "procedures for the orderly contest and determination of the rights, duties and obligations of the parties to the sums interplead and/or the issues and controversies presented herein." (ECF Nos. 10 at 1, 11 at 1.) On February 28, 2020, the court entered an Order (the "February Order") mooting

1

AmGuard's Motions after finding that the court lacked subject matter jurisdiction over the matter. (*See* ECF No. 72 at 5–6.)  In reviewing the matter on appeal, the United States Court of Appeals for the Fourth Circuit found the court committed error in the February Order because there was minimal diversity to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1335.  (*See* ECF No. 84 at 2–3, 15.)

This matter is before the court on remand to address AmGuard's Renewed Motion to Post Bond (ECF No. 86) and Renewed Motion for Injunction and to Set Orderly Procedure.  (ECF No. 87.)  In the former Motion, AmGuard requests that it be allowed "to post bond in the amount of Three Million Dollars ($3,000,000.00), the maximum sum sought by Defendants in connection with the insurance policy which forms the basis for this matter," and "thereupon be discharged from any and all liability in connection with the issues, controversies, sums, and/or bond that are the subject of this Complaint for Interpleader, in the Nature of Interpleader, and Declaratory Judgment." (ECF No. 86 at 1.)  In the latter Motion, AmGuard seeks "to permanently enjoin [] Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the sums interplead and/or the issues presented herein" and to have the court "set procedures for the orderly contest and determination of the rights, duties and obligations of the parties to the sums interplead and/or the issues and controversies presented herein." (ECF No. 87 at 1.)

Defendants Steven Renew and Stephanie Renew, individually as Parents of Matthew Renew and as Personal Representatives of the Estate of Matthew Renew; Luke Pickering; Brittin Ray; Michael Edwards; and Brian Gibson filed opposition to AmGuard's Renewed Motion for Injunction and to Set Orderly Procedure asserting that the Motion irreparably harms them by permanently enjoining them "from their right to [state court] trial by jury against Patel, Amitkumar

Patel, Samir Shah, and Vijay Kumar Babulal Patel" for amounts "above and beyond the policy limits." (ECF No. 93 at 3–4.) In Reply, AmGuard revised its request to only seek to enjoin "all claimants from instituting or prosecuting any proceeding in any court affecting the stake herein, being the amount of the applicability Liability Limit of Policy No. SGBP998472, that is the subject of this interpleader action." (ECF No. 98 at 2.)

## I.     JURISDICTION

In accordance with the Fourth Circuit's June 7, 2021 decision, the court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335. (*See* ECF No. 84 at 15.) Section 1335 provides, in relevant part, that district courts have original jurisdiction over the following:

> [A]ny civil action of interpleader or in the nature of interpleader filed by any . . . [disinterested stakeholder such as an insurance company] . . . having issued a . . . policy of insurance, . . . of value or amount of $500[.00] or more, . . . if: (1) Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled . . . to any one or more of the benefits . . . arising by virtue of any . . . policy, or arising by virtue of any such obligation; and if (2) the plaintiff has . . . paid . . . the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court . . . may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335(a).

## II.     ANALYSIS

As a result of the Fourth Circuit's June 7, 2021 decision, once AmGuard deposits the $3,000,000.00 bond in the court's registry, AmGuard will satisfy the final statutory requirement for interpleader under 28 U.S.C. § 1335. The court will then have discretion under 28 U.S.C. § 2361 to dismiss AmGuard from this case, discharge it from further liability, and permanently enjoin Defendants from instituting an action against AmGuard relating to the funds at issue. Section 2361 states as follows:

3

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader claim until further order of the court.
>
> . . . .
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361. *See also UBS Fin. Servs. v. Banco Popular De P.R.*, C/A No.: 6:17-00607-MGL, 2017 WL 3500055, at *5 (D.S.C. Aug. 16, 2017) ("[A] district court has discretion to relieve an interpleader plaintiff from further liability and discharge it from the action." (citations omitted)); *Lincoln Nat'l Life Ins. Co. v. Parker*, C.A. No. 8:10-2815-HMH, 2011 WL 497415, at *2 (D.S.C. Feb. 7, 2011) (stating an injunction is warranted under 28 U.S.C. § 2361 to protect a interpleader plaintiff from "vexatious and multiple litigation," particularly where "a stakeholder, faced with rival claims to the fund itself, acknowledges or denies his liability to one or the other of the claimants" (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 534 (1967))).

### III.    CONCLUSION

Upon consideration of the Fourth Circuit's June 7, 2021 decision, AmGuard's Renewed Motion to Post Bond, and its Complaint for Interpleader, in the Nature of Interpleader, and for Declaratory Judgment (*see* ECF Nos. 1, 86), the court finds that once it deposits the $3,000,000.00 bond, AmGuard will no longer be needed as a party to this action and its further involvement will have no impact on the core dispute. Therefore, the court finds the relief requested by AmGuard is appropriate under the circumstances and hereby **GRANTS** the Renewed Motion to Post Bond (ECF No. 86). **ACCORDINGLY, IT IS ORDERED THAT** AmGuard is permitted to enter into a bond for the amount of three million dollars ($3,000,000.00) made payable to the Clerk of Court

for the District of South Carolina in accordance with 28 U.S.C. § 1335(a)(1). The court **DIRECTS** the Clerk of Court to accept the bond of $3,000,000.00 and place the bond received in an interest-bearing instrument in accordance with Local Civil Rule 67.01(B) (D.S.C.).

Additionally, the court finds that an injunction is appropriate to protect AmGuard from duplicative litigation and **GRANTS** AmGuard's Renewed Motion for Injunction and to Set Orderly Procedure (ECF No. 87) and enjoins and restrains Defendants from commencing any future action against AmGuard regarding the amount of the applicability Liability Limit of Policy No. SGBP998472, that is the subject of this interpleader action. In this regard, upon AmGuard's submission of the $3,000,000.00 bond (from an appropriate surety) to the Clerk of Court, AmGuard is dismissed as a party to this action, with prejudice. *See Hartford Life Ins. Co. v. Einhorn ex rel. Estate of Mehring*, 452 F. Supp. 2d 126 (E.D.N.Y. 2006) (finding that "[u]pon payment of the funds with the Clerk of the Court, the plaintiff shall be released and discharged from any further liability to any party in this action or arising out of the [policy]").

This court retains jurisdiction over Defendants, who are compelled to litigate, adjust and/or settle among each other their respective and lawful entitlement to the funds paid into the court's registry by AmGuard, or upon their failure to do so, this court shall settle and adjust the claims and determine to whom the within total funds shall be paid. Accordingly, the court **ORDERS** Defendants to file a status report on or before November 19, 2021, conveying their respective positions on how this matter should proceed forward.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 9, 2021
Columbia, South Carolina