IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| AMGUARD INSURANCE COMPANY, ) | CASE NO: 5:19-cv-00635-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| SG PATEL AND SONS II, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MOTION OF PLAINTIFF AMGUARD INSURANCE COMPANY TO CORRECT COURT'S ORDER OF NOVEMBER 9, 2021**

Plaintiff AmGUARD Insurance Company ("AmGUARD") respectfully moves the Court, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, to correct its Order of November 9, 2021 (ECF No. 100), as to provide that AmGUARD will have a further interest in the proceedings after submission of the bond of $3,000,000.00 and will be needed as a party to this action.

On November 9, 2021, the Court granted AmGUARD's Renewed Motion to Post Bond (ECF No. 86), permitting AmGUARD to post bond in the amount of $3,000,000, but finding that once it does so, "AmGUARD will no longer be needed as a party to this action and its further involvement will have no impact on the core dispute." The Court explained that the Defendants "are compelled to litigate, adjust and/or settle among each other their respective and lawful entitlement to the funds paid into the court's registry by AmGUARD", *i.e.*, $3,000,000. AmGUARD, however, contends that the applicable limits are $500,000, not $3,000,000, the maximum amount sought by the Defendants. AmGUARD therefore respectfully submits that the Court's Order is in error as it overlooks AmGUARD's claim in the nature of interpleader, as well as its claim for declaratory judgment.

As the United States Court of Appeals for the Fourth Circuit explained in its Order of June 7, 2021 (ECF No. 84 at Page 14-15, 17):

> In this case, AmGuard did not simply seek, as a disinterested party, to distribute to claimants the proceeds of its insurance policy. Rather, it sought to deny its liability for paying the majority of the funds claimed by the defendants. *Cf.* Robert E. Keeton, *Preferential Settlement of Liability-Insurance Claims*, 70 Harv. L. Rev. 27, 40 (1956) (noting that "since the [insurance] company is usually contesting the liability of the insured to the claimants, it is not a disinterested stakeholder"). Accordingly, AmGuard is a claimant, and its diverse citizenship from other claimants gave the district court jurisdiction under § 1335.
>
> \* \* \*
>
> In its complaint, AmGuard also invoked 28 U.S.C. § 1332 (diversity jurisdiction) to justify the district court's jurisdiction over the case. As AmGuard alleged, it was a citizen of Pennsylvania, the defendants were citizens of South Carolina, and the amount in controversy exceeded $75,000. The district court, however, never addressed this basis for jurisdiction and therefore erred.
>
> To be sure, AmGuard invoked jurisdiction under both § 1332 and § 1335, relying on § 1332 to justify its declaratory judgment claim and § 1335 for its interpleader claim.
>
> \* \* \*
>
> At oral argument, however, the defendants declined to foreswear any future action for damages against Patel and AmGuard.
>
> \* \* \*
>
> AmGuard contends in response that there still is a justiciable controversy between the parties to determine the extent of its liability to the defendants. We agree.
>
> \* \* \*
>
> For the reasons given, we reverse the district court's judgment and remand for further proceedings. And in conducting those proceedings, the court may conclude that major issues no longer need to be resolved, as the defendants in their appellate brief, which was signed by all defendants, expressly assured us that they "*do not contest* AmGuard's assertion that its liability limits on its policy issued to Patel are $500,000." (Emphasis added). Of

course, resolution of this issue does not affect the district court's jurisdiction, which is, in these circumstances, determined as of the time the complaint was filed. Nor does it foreclose resolution of the remaining issues and the need to follow procedures as specified under § 2201 and § 1335.

The Policy issued by AmGUARD to SG Patel and Sons II, LLC ("Patel"), has Liability Limits of $1,000,000 for each Occurrence and $2,000,000 in the General Aggregate and Liquor Liability Limits of $500,000 for each Common Cause and $1,000,000 in the Aggregate. The dispute over the policy limits applicable to the claims against Patel, which AmGuard contends are $500,000, not $3,000,000, has not yet been resolved by final judgment.

AmGUARD therefore remains a claimant in this action, has a further interest in the proceedings, will be needed as a party to this action, and its further involvement will have an impact on the core dispute. Accordingly, AmGUARD respectfully moves the Court to correct its Order (ECF No. 100). As a full explanation of the Motion is contained within the motion, a memorandum in support has not been included.

Respectfully submitted,

/s/ Crystal L. Maluchnik
STEVEN G. JANIK (11301)
CRYSTAL L. MALUCHNIK (12573)
JANIK L.L.P.
Hilton Head Island, SC 29928
[Mail: P.O. Box 470550, Cleveland, OH 44147]
(440) 838-7600 / (440) 838-7601 (Fax)
Steven.Janik@Janiklaw.com
Crystal.Maluchnik@Janiklaw.com

*Attorneys for Plaintiff AmGUARD Insurance Company*